Case 5:23-cv-00087-RWS   Document 2   Filed 08/15/23   Page 1 of 6 PageID #: 43

Filed: 7/19/2023 2:27 PM
Lori Caraway
District Clerk
Bowie County, Texas
Christy Wright, Deputy

CAUSE NO. 23C0792-005

| | | |
|---|---|---|
| FELICIA BEAIRD | § | IN DISTRICT COURT |
|     PLAINTIFF | § § § | |
| V. | § § | OF |
| FARMERS NEW WORLD LIFE INSURANCE COMPANY | § § § | |
|     DEFENDANT | § | BOWIE COUNTY, TEXAS |

**Plaintiff's Original Petition and Demand for Trial by Jury**

COMES NOW, Plaintiff Felicia Beaird, and for her Original Petition and Demand for Trial by Jury, would respectfully state as follows:

**I. Parties and Jurisdiction**

1.1   Plaintiff Felicia Beaird is an individual who is a citizen of, and resides in, Bowie County, Texas. The last three numbers of Plaintiff's Social Security Number is 074.

1.2   Defendant Farmers New World Life Insurance Company is a corporation who is authorized to do business in the State of Texas and sells insurance policies in the State of Texas. This Court has jurisdiction over Defendant. Defendant can be served by service upon its agent for processing the State of Texas, Corporation Service Company 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.1   This Court has subject matter jurisdiction over this dispute as the amount in controversy is within this Court's jurisdictional limits as set forth in Texas Government Code §24.007.

1.4   Venue is property in this county as all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the County. Tex. Civ. Prac. & Rem. Code § 15.002.

**II. Selection of Discovery Level**

2.1   Plaintiff asserts that this case's discovery should be conducted pursuant to TRCP 190.4, Discovery Level 3.

**III. Statement of Relief Sought**

3.1   The Plaintiff seeks only monetary relief of over $250,000 but less than $1,000,000. TRCP 47

**IV. Statement of Claim**

3.1   On November 4th, 2021, Defendant Farmers New World Life Insurance Company ("Farmers") issued a life insurance policy, number 003008630, with a death benefit of $150,000 ("The Policy") to Terry Willett.

3.2   Terry Willett died on January 4th, 2022, because of the effects of a cancer.

Copy from re:SearchTX

3.3     Prior to his death, Terry Willett named Plaintiff Felicia Beaird ("Plaintiff") as the beneficiary of The Policy.

3.4     On or about January 1, 2022, Plaintiff made a claim for insurance proceeds under the Policy.

3.5     On June 28th, 2022, Farmers cancelled The Policy, citing alleged misrepresentations in Mr. Willett's life insurance application. Specifically, Farmers alleged Mr. Willett misrepresented that he had no history of anxiety with medication usage and that he had not been advised by a medical professional to reduce his alcohol consumption.

3.6     However, Farmers has failed to show that all prerequisites to its right to cancel the policy exist, primarily that Mr. Willett made any alleged misrepresentation in his application with the intent to deceive Farmers.

**Count 1: Breach of Contract**

3.7     Plaintiff incorporates by reference paragraphs 3.1-3.6 as if set forth here verbatim.

3.8     The Policy is an enforceable contract which obligated Terry Willett, as insured, to pay premiums to Farmers and which obligated Farmers to pay a life insurance death benefit upon Willett's death.

3.9     Willett and Plaintiff have performed all conditions precedent to Farmer's performance of its contractual promise to pay the death benefit to Plaintiff.

3.10    Farmers breached The Policy by failing to pay Plaintiff, the named beneficiary of The Policy, the death benefit upon Willett's death.

3.11    Farmers breached The Policy by wrongfully cancelling it and failing to pay Plaintiff, the named beneficiary of The Policy, the death benefit upon Willett's death.

3.11    Plaintiff has standing to recover for Farmers breach of contract because her interest vested at Willett's death.

3.12    Plaintiff has been injured by Farmers' breach as she has not received the death benefit of $150,000.

3.13    Plaintiff seeks to recover from Farmers actual damages in the amount of $150,000, plus pre-and-post judgment interest, court costs, and attorney fees.

**Count 2: Breach of the Duty of Good Faith and Fair Dealing**

3.14    Plaintiff incorporates by reference paragraphs 3.1-3.6 as if set forth here verbatim.

3.15    As plead in paragraphs 3.7-3.13, The Policy constitutes an enforceable contract between Willett and Farmers which Plaintiff has standing to enforce as a named beneficiary.

3.16    Texas law implies upon Farmers a common-law duty of good faith and fair dealing. Farmers breached this duty by denying payment of the death benefit to Plaintiff when liability under the policy became reasonably clear. Specifically, Farmers failed to establish that Willett made the statements that Farmers alleges constitute misrepresentations with the intent to deceive Farmers.

3.17    Additionally, Farmers breached its common-law duty of good faith and fair dealing when it cancelled the Policy without a reasonable basis to do so.

3.18    Before an insurer has the right to cancel a life insurance policy because of a misrepresentation in the application, the insurer must show the misrepresentation is of a material fact that affects the risk assumed by the insurer. *See* Tex. Ins. Code § 705.501. Additionally, common law further requires an insurer to show that any misrepresentation in the application was made with the intent to deceive the insurer.

3.19    Upon information and belief, when Farmers rescinded The Policy, it conducted no investigation into whether Willett made the statements Farmers alleges constitute misrepresentations with the intent to deceive Farmers. Consequently, Farmers breached the duty of good faith and fair dealing when it rescinded The Policy when it had no reasonable basis to conclude Willett intended to deceive it when completing the application.

3.20    Alternatively, upon information and belief, when Farmers rescinded The Policy it had no evidence Willett made the statements that Farmers alleges constitute misrepresentations with the intent to deceive Farmers. Consequently, Farmers breached the duty of good faith and fair dealing when it rescinded The Policy when it had no reasonable basis to conclude Willett intended to deceive it when completing the application.

3.21    Plaintiff has been injured by Farmers' breach as she has not received the death benefit of $150,000.

3.22    Plaintiff seeks to recover from Farmers actual damages in the amount of $150,000, plus pre- and-post judgment interest, court costs, and attorney fees.

**Count 3: Violation of Texas Insurance Code Chapter 541**

3.23    Plaintiff incorporates by reference paragraphs 3.1-3.6 as if set forth here verbatim.

3.24    Texas Insurance Code § 541.060 prohibits Farmers from engaging in unfair settlement practices in the business of insurance.

**A. Section 541.060(a)(2)**

3.25    Farmers violated Chapter 541 by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when Farmers' liability to pay Plaintiff became reasonably clear.

3.26    Upon information and belief, when Farmers rescinded The Policy, it conducted no investigation into whether Willett made the statements Farmers alleges constitute misrepresentations with the intent to deceive Farmers. Therefore, Farmers had no reasonable basis to believe that it had the right to cancel the policy and, at the time of cancellation, Farmers' liability to Plaintiff was reasonably clear as she fulfilled all conditions precedent to her right to receive the death benefit. Farmers conduct constitutes a violation of Chapter 541.

3.27    Alternatively, upon information and belief, when Farmers rescinded The Policy it had no evidence Willett made the statements that Farmers alleges constitute misrepresentations with the

intent to deceive Farmers. Therefore, Farmers had no reasonable basis to believe that it had the right to cancel the policy and, at the time of cancelation, Farmers' liability to Plaintiff was reasonably clear as she fulfilled all conditions precedent to her right to receive the death benefit. Farmers conduct constitutes a violation of Chapter 541.

3.28   Farmers violation of section 541.060 has injured Plaintiff. Plaintiff seeks actual damages in the amount of $150,000, plus court costs, pre-and-post judgment interest, and reasonable and necessary attorneys fees.

3.29   Farmers' violation of this section was committed knowingly, and consequently, Plaintiff sees damages in an amount equal to three times Plaintiff's actual damages.

### B. Section 541.060(a)(7)

3.28   Farmers violated Chapter 541 by refusing to pay the death benefit to Plaintiff and canceling The Policy without conducting a reasonable investigation with respect to the claim.

3.29   Upon information and belief, when Farmers rescinded The Policy, it conducted no investigation into whether Willett made the statements Farmers alleges constitution misrepresentation with the intent to deceive Farmers. Therefore, Farmers refusal to pay and cancellation of The Policy based upon no investigation constitutes a violation of Chapter 541.

3.30   Alternatively, upon information and belief, when Farmers rescinded The Policy, it had no evidence at the conclusion of its investigation that Willett made the statements that Farmers alleges constitutes misrepresentations with the intent to deceive Farmers. Therefore, Farmers refusal to pay and cancellation The Policy based upon a lack of evidence constitutes a violation of Chapter 541.

3.28   Farmers violation of section 541.060 has injured Plaintiff. Plaintiff seeks actual damages in the amount of $150,000, plus court costs and reasonable, pre-and-post judgment interest, and necessary attorney's fees.

3.29   Farmers' violation of this section was committed knowingly, and consequently, Plaintiff sees damages in an amount equal to three times Plaintiff's actual damages.

### Count 4: Violation of Texas Insurance Code Chapter 542

3.23   Plaintiff incorporates by reference paragraphs 3.1-3.6 as if set forth here verbatim.

3.24   Texas Insurance Code Sections 542.051 et seq. obligate Farmers to promptly pay claims.

### A. Section 542.058(a).

3.25   Farmers violated Chapter 542 by cancelling The Policy and failing to pay Plaintiff the death benefit after it received all items, statements, and forms it reasonably requested and required.

3.26   Farmers' violation of this section has injured Plaintiff. Plaintiff seeks actual damages in the amount of $150,000, plus 18% interest on that amount, court costs, pre-and-post judgment interest, and reasonable and necessary attorney's fees.

### IV. Conditions Precedent

4.1     Plaintiff has performed all conditions precedent to her right to recovery from Farmers.

### V. Pre-Suit Notice

5.1     Plaintiff has given pre-suit notice to Farmers of its intent to bring this action in accordance with the requirements of Texas Insurance Code §541.154.

### IV. Jury Demand

6.1     Plaintiff demands a trial by jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that she have judgment against Defendant for an amount, deemed to be jury and fair by the jury, which will adequately compensate her for the damages asserted herein, and which will be a sum within the jurisdictional limits of this Court. Plaintiff further pleads for additional damages (including treble damages) and statutory penalties (including an 18% penalty), together with attorney's fees, court costs, pre-judgment interest on the judgment, for pre-judgment interest and for such other and further relief, in law or equity, either general or special, against Defendant to which Plaintiff may be justly entitled.

Respectfully submitted,

John Mark Burgess TSB #24105556
john@markburgesslaw.com
Mark C. Burgess TSB #00783755
mark@markburgesslaw.com
**BURGESS LAW FIRM, P.L.L.C.**
4201 Texas Boulevard
Texarkana, Texas 75503
Telephone:     903-838-4450
Facsimile:      979-323-6993

Monty Murry, TSB # 14739350
mgmurry@murrylaw.com
**Law offices of Monty Murry**
3918 Texas Boulevard
Texarkana, Texas 875503-3208
Telephone:     903-823-3000

By: _____
Mark C. Burgess

Attorneys for Plaintiff